Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0676
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*

*Attorneys for Plaintiffs and the Alleged Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOUIS FLOYD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SHORE FUNDING SOLUTIONS, INC.**, a New York corporation,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Louis Floyd ("Plaintiff" or "Floyd") brings this Class Action Complaint against Defendant Shore Funding Solutions, Inc. ("Defendant" or "Shore Funding") to: (1) stop Defendant's practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees.

2. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and

1

belief, including investigation conducted by his attorneys.

3. The Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") and its implementing regulations, 47 C.F.R. §64.1200, *et seq.* prohibit companies, such as Defendant, from placing calls using "an artificial or prerecorded voice" ("prerecorded calls") and/or an ATDS ("autodialed calls") to telephones without first obtaining consent. Shore Funding has violated, and continues to violate, the TCPA and its regulations by placing prerecorded and/or autodialed calls to telephone subscribers who have not expressly consented to receiving such calls.

4. In an effort to obtain leads for its services, Shore Funding made (or directed to be made on its behalf) prerecorded calls to the telephones of Plaintiff and other members of the alleged class without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—prerecorded and/or autodialed calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

**PARTIES**

7. Plaintiff Floyd is a natural person over the age of eighteen (18) and a resident of the State of California. Floyd resides in the city of Campbell in Santa Clara County.

8. Defendant Shore Funding is a New York corporation, with its principal place of

business located at 2 Huntington Quadrangle, Suite 1N15, Melville, New York 11747.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

10. This Court has personal jurisdiction over Shore Funding because it solicits significant business in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**COMMON ALLEGATIONS OF FACT**

12. Defendant Shore Funding is a "one stop lending source" company that provides loans and funding solutions for businesses.[1]

13. Unfortunately for consumers, Shore Funding casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its lending products and services Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited prerecorded calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

14. At no time did Defendant obtain prior express written consent from Plaintiff and the Class to receive prerecorded calls.

15. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the alleged Class, but also intentionally and repeatedly

---

[1] *About Us*, SHORE FUNDING SOLUTIONS, https://shorefundingsolutions.com/about-us/ (last visited March 17, 2022).

violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

16. Plaintiff Floyd is the customary user of cellular telephone numbers for business purposes, including numbers ending in 5654 and 0267.

17. On November 11, 2019, Floyd received a call to his 0267 cell phone number from (785) 301-0943. The call began with a prerecorded message, and, after pressing a number as indicated by prompts in the message, Floyd was connected with a live representative named "Donald Blake" from Shore Funding, who solicited Plaintiff to apply for one of Defendant's loan products. Following the call, Floyd received a follow-up email from dblake@shorefundingsolutions.com, as well as an email sent by Donald Blake through an e-signature platform attempting to obtain his signature on a loan application document. Plaintiff received another email from dblake@shorefundingsolutions.com that included a variety of links to loan programs and applications, as well as Defendant's company logo.

18. On December 3, 2019, Floyd received a call to his 5654 cell phone number from (724) 268-4854. The call began with a prerecorded message, and, after pressing a number as indicated by prompts in the message, Floyd was connected with a live representative of Shore Funding named "Phil Lobell" who, like the first call, attempted to market Defendant's funding products to Plaintiff. After the call, Floyd received an email sent by Phil Lobell through an e-signature platform attempting to obtain his signature on a loan application document.

19. On January 6, 2020, Floyd received a call to his 5654 cell phone number from (423) 205-3864. The call began with a prerecorded message, and, after pressing a number as indicated by prompts in the message, Floyd was connected with a live representative of Shore Funding named "Olu" who, like the first call, attempted to market Defendant's funding products to Plaintiff. The representative provided the email address ofaniyi@shorefundingsolutions.com. After the call, Floyd received an email from charles.thomas@shorefundingsolutions.com, offering Plaintiff a bank loan and requesting that he submit an application.

20. On January 10, 2020, Plaintiff received another call to his 0267 cell phone number from (203) 446-2956. The call began with a prerecorded message, and, after pressing a number as indicated by prompts in the message, Floyd was connected with a live representative named "Luis De Jesus" from Shore Funding, who solicited Plaintiff to apply for one of Defendant's loan products. After the call, Floyd received an email sent by Luis De Jesus through an e-signature platform attempting to obtain his signature on a loan application document.

21. On November 13, 2020, Plaintiff received another call from Shore Funding, this time from (774) 206-9544. The call began with a prerecorded message, and, after pressing a number as indicated by prompts in the message, Floyd was connected with a live representative named "Aron Pizow" from Shore Funding, who solicited Plaintiff to apply for one of Defendant's loan products. After the call, Floyd received an email sent by Aron Pizow through an e-signature platform attempting to obtain his signature on a loan application document.

22. Floyd never consented to receive prerecorded calls from Shore Funding.

23. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to him or offer him its products or services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place prerecorded calls to him and has no business relationship with Defendant.

24. Defendant was, and is, aware that the above-described prerecorded calls were made to consumers like Plaintiff who did not consent to receive them.

25. By making unauthorized prerecorded calls as alleged herein, Shore Funding has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls

knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

26. To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to cell phones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class defined as follows:

> **Prerecorded No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on their cell phone; (3) for the same purpose that it called Plaintiff; (4) using an artificial or prerecorded voice message; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

29. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On

information and belief, Defendant (or its agents) has placed prerecorded calls to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

30. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

31. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and he has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

32. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) Whether Defendant's conduct violated the TCPA;

    (b) Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

    (c) Whether Defendant made the calls with the use of prerecorded voice message; and

    (d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the

individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiffs and the Prerecorded No Consent Class)

34. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

35. Defendant made unsolicited and unwanted prerecorded telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express written consent—in an effort to generate leads for Shore Funding's products and services.

36. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

37. Defendant made the calls using a prerecorded voice or similar technology.

8

38. By making prerecorded unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an artificial or prerecorded voice, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

39. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited prerecorded telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

40. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing his counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F. Such other and further relief that the Court deems reasonable and just.

### **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

|   |   |
|---|---|
| Dated: March 18, 2022 | Respectfully submitted,<br><br>**LOUIS FLOYD**, individually and on behalf of all others similarly situated,<br><br>By: */s/ Rebecca Davis*<br>　　　One of Plaintiffs' Attorneys<br><br>Rebecca Davis (SBN 271662)<br>rebecca@lozeaudrury.com<br>**LOZEAU DRURY LLP**<br>1939 Harrison St., Suite 150<br>Oakland, CA 94612<br>Telephone: (510) 836-4200<br>Facsimile: (510) 836-4205<br><br>Patrick H. Peluso*<br>ppeluso@woodrowpeluso.com<br>Stephen A. Klein*<br>sklein@woodrowpeluso.com<br>**WOODROW & PELUSO, LLC**<br>3900 E. Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 216-0676<br>Facsimile: (303) 927-0809<br><br>**Pro Hac Vice application to be filed* |